UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-900-RGK (KKx)** | Date: | June 12, 2020 |
| Title: | *Perry Belden, et al. v. The County of San Bernardino, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order Denying Plaintiffs' Motion to Compel [Dkt. 170]**

On May 14, 2020, Plaintiffs Perry Belden ("Belden") and his mother Robin Olds ("Olds") (collectively, "Plaintiffs") filed a Motion to Compel Production of Documents, Set Four ("Motion"). ECF Docket No. ("Dkt.") 170, 171.  On May 27, 2020, Defendants County of San Bernardino ("County"), Deputy Herrera, Deputy Cottrell, Deputy Dunbar, Deputy Heller, Deputy Savage, Deputy Robles, Nurse Lanny Herradura, Nurse Barbara Ginn, and P.A. Brian Jarman (collectively, "Defendants") filed a Supplemental Brief in opposition to the Motion.  Dkt. 178.  For the reasons set forth below, Plaintiffs' Motion is DENIED.

## I.
## BACKGROUND

On May 13, 2019, Plaintiffs filed a Complaint against defendants County, Deputy Herrera, and "Doe Deputies and Nurses 1-10" alleging various civil rights violations.  Dkt. 1.

On November 4, 2019, the Court held a scheduling conference and set a discovery cut-off of April 22, 2020, a motion cut-off of May 6, 2020, and a jury trial for July 21, 2020.  Dkts. 24, 25.  The Court's Civil Trial Order states: "Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted."  Dkt. 25 at 2.

On December 23, 2019, Plaintiffs filed a First Amended Complaint ("FAC") adding thirty-three defendants.  Dkt. 33.  The FAC asserts six claims: (1) inadequate medical care, 42 U.S.C. §

1983; (2) excessive force, 42 U.S.C. § 1983; (3) unreasonable seizure of property and person, 42 U.S.C. § 1983; (4) unconstitutional medical program (policies and training), 42 U.S.C. § 1983; (5) negligence; and (6) battery. Id.[1] Plaintiffs allege that during the week after Belden was arrested on March 27, 2018, he received inadequate medical care, which ultimately resulted in the amputation of his legs and left hand. Id.

In addition, Plaintiffs allege "[s]everal [other] custodial inmates have died or been grossly injured in county custody as a result of inadequate medical care." FAC, ¶ 113. Plaintiffs further allege that in another case filed on February 29, 2016, Rahshun Turner v. County of San Bernardino, Case No. 5:16-cv-355-VAP (DTBx) ("Turner") defendant County "acknowledged and admitted that its medical policies and training were constitutionally inadequate, and the cause of preventable inmate injuries." FAC, ¶ 113. On May 7, 2015, the parties in Turner entered into a Memorandum of Understanding ("MOU") governing the conduct of negotiations and provided, in relevant part, (1) the parties jointly selected an expert, Dr. Todd Wilcox, to investigate the delivery of medical care in the County jails; (2) Dr. Wilcox would be deemed a participant in the mediation between the parties, and any written report he might generate would be "considered a writing 'prepared for the purpose of, or in the course of, or pursuant to, a mediation' [California] Evidence Code § 1119(b);" and (3) the MOU

> and all discussions and negotiations pursuant thereto, constitute conduct or statements made during compromise negotiations within the meaning of Federal Rule of Evidence 408 and Sections 1115 et seq. and 1152 of the California Evidence Code. Except as provided herein, the Parties agree to cooperate with one another to maintain to the greatest extent possible the confidentiality of their negotiations and investigations in furtherance of this MOU and the development of a Remedial Plan.

Dkt. 179, Declaration of Martin H. Dodd ("Dodd Decl."), ¶ 6, Ex. A. As part of the parties' Rule 26 report filed in Turner on June 7, 2016, the parties filed a copy of defendant County's Medical Remedial Plan. See Turner, 5:16-cv-355-VAP (DTBx), Dkt. 17.[2] On March 27, 2018, the court in Turner granted defendant County's application for leave to file Dr. Wilcox's expert report under seal. Id. at dkt. 78. Ultimately, a consent decree was adopted by the court in Turner on December 14, 2018. Id. at dkt. 106.

On January 9, 2020, the Court granted the parties' stipulation to continue the discovery cut-off to June 15, 2020. Dkt. 104.

---

[1] On May 7, 2020, the Court granted the parties' stipulation to dismiss the second, third, and sixth causes of action from the FAC. Dkt. 162.

[2] The Court takes judicial notice of the existence of the Rule 26 Report and consent decree filed in Turner. While the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein).

(continued . . .)

On February 14, 2020, Plaintiffs served Requests for Production of Documents, Set Four, Nos. 15-26 on defendant County. Dkt. 170, Ex. 1.[3]

On March 4, 2020, defendants Deputies Cottrell, Dunbar, Heller, Savage, and Robles, Nurses Lanny Herradura and Barbara Ginn, and P.A. Brian Jarman filed a Motion to Strike the references to the Turner consent decree from the FAC. Dkt. 107.

On March 18, 2020, defendant County served its Responses to Plaintiffs' Requests for Production of Documents, Set Four. Dkt. 170, Ex. 2.

On March 23, 2020, defendant County filed a Motion for Protective Order finding defendant County need not appear at a Rule 30(b)(6) deposition regarding the Turner consent decree. Dkt. 112 at 37.

On April 6, 2020, the Court denied the Motion to Strike references to the Turner consent decree from the FAC, finding the individual defendants who brought the motion lacked standing and, even if they had standing, they could not show prejudice. Dkt. 117.

On May 2, 2020, Plaintiffs served Defendants with their portion of Joint Stipulation in support of the instant Motion. Dkt. 170-2, Declaration of Aleksandr Chalimbekov ("Chalimbekov Decl."), ¶ 6.

On May 11, 2020, Defendants served their portion of the Joint Stipulation in opposition to the instant Motion. Id., ¶ 10.

On May 12, 2020, the Court granted in part and denied in part defendant County's Motion for Protective Order. Dkt. 168. The Court found "while the Turner consent decree is not relevant to notice or liability, the Turner action and the events leading up to the adoption of the consent decree, including perhaps the Medical Remedial Plan, may be relevant because they could have put defendant County on notice of the issues with its medical care of inmates before Belden's arrest and subsequent injuries." Id. The Court permitted Plaintiffs to "depose defendant County regarding pre-March 27, 2018 facts underlying and leading up to the Turner consent decree, including regarding the finding and recommendations of the experts that evaluated the in-custody medical related deaths and injuries, the medical-related policies, and care given, as well as the training program." Id.

On May 14, 2020, Plaintiffs filed the instant Motion, dkt. 171, with the Joint Stipulation pursuant to Local Rule 37-2, dkt. 170. On May 27, 2020, Defendants filed a Supplemental Brief in support of their Opposition to the instant Motion. Dkt. 178.

---

[3] The Court notes neither party filed a declaration attaching a true and correct copy of the Requests for Production or Defendants' Responses, but rather merely attached the exhibits to the Joint Stipulation. Nevertheless, because neither party disputes the authenticity of the documents attached as Exhibits 1 and 2 to the Joint Stipulation, the Court will assume it is an accurate copy for purposes of this Order.

On June 10, 2020, the Court continued the discovery cut-off until July 15, 2020 and the motion cut-off to July 30, 2020. Dkt. 222.

The matter thus stands submitted.

## II.
## DISCUSSION

### A. THE MOTION IS TIMELY

As an initial matter, Defendants argue Plaintiffs' Motion is untimely because it was filed after the motion cut-off, which at the time was May 6, 2020. Dkt. 170 at 18-20; Dkt. 178 at 2-3. The *discovery* motion cut-off, however, is any time that is "sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted." See dkt. 25 at 2. Here, Plaintiffs' Motion was filed on May 14, 2020 with a properly noticed hearing set for June 11, 2020, which is just sufficiently in advance of the discovery cut-off, which at the time of filing was June 15, 2020. Moreover, the discovery cut-off has since been continued to July 15, 2020. See dkt. 222. Hence, Plaintiffs' Motion is timely, and the Court will review the Motion on the merits.

### B. THE JOINT STIPULATION DOES NOT COMPLY WITH THE FORMATTING REQUIREMENTS OF LOCAL RULE 37-2.1

Local Rule 37-2.1 requires that a Joint Stipulation regarding the sufficiency of a discovery response "shall contain, verbatim, both the [discovery request] and the allegedly insufficient answer, followed by each party's contentions as to that particular [discovery request], separately stated." L.R. 37-2.1. The failure to comply with the procedures for formatting and preparing the Joint Stipulation "may result in the imposition of sanctions." L.R. 37-4.

Here, Plaintiffs fail to set forth separately each Request for Production at issue verbatim or defendant County's responses. See dkt. 170. This failure to properly format the Joint Stipulation has left it to the Court to determine which of the parties' arguments relate to which Requests for Production. Moreover, it is not clear whether Plaintiffs seek further responses to each of the Requests for Production, Set Four (i.e. Nos. 15-26) as the Notice of Motion suggests, see dkt. 171, or only Nos. 18-24, which are specifically referenced in Plaintiffs' argument at page 6 of the Joint Stipulation. To the extent Plaintiffs seek any documents or further responses to Requests for Production Nos. 15-17 and 25-26, Plaintiffs' Motion is DENIED for failure to comply with Local Rule 37-2.1. The Court will endeavor to address Requests for Production Nos. 18-24 below.

### C. PLAINTIFFS' MOTION TO COMPEL IS DENIED

#### 1. Applicable Law

Federal Rule of Civil Procedure 26(b) provides parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). However, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

### 2. Requests for Production Nos. 21, 23, 24

First, Plaintiffs conclusorily argue "Requests Numbers 18-24 each seek information relating to the Turner consent decree, which will enable Plaintiffs to establish that county officials were on notice that its medical policies were deficient and causing inmate's harm." Dkt. 170 at 7. It appears however, only Requests for Production Nos. 21, 23, and 24 actually mention the Turner consent decree. Accordingly, the Court will begin by addressing these requests.

Request for Production No. 21 seeks: "all DOCUMENTS (including internal emails) referring to or relating to steps taken to address the concerns outlined in the *Rahshun Turner v. County of San Bernardino* consent decree." Id., Ex. A.

Request for Production No. 23 seeks: "all DOCUMENTS (including internal emails) referring to or relating to COMMUNICATIONS between county jail officials regarding the *Rahshun Turner v. County of San Bernardino* consent decree and the efforts taken to remedy the concerns outlined in the *Rahshun Turner v. County of San Bernardino* consent decree." Id.

Request for Production No. 24 seeks: "all DOCUMENTS (including internal emails) referring to or relating to COMMUNICATIONS between county officials (including the board of supervisors) regarding the *Rahshun Turner v. County of San Bernardino* consent decree and the efforts taken to remedy the concerns outlined in the *Rahshun Turner v. County of San Bernardino* consent decree." Id.

Defendant County objects to Requests for Production Nos. 21, 23, and 24 on the grounds the requests are vague, ambiguous, overbroad and unduly burdensome, and "seek[] information that is protected by the attorney-client/attorney work-product privileges, and documents prepared in anticipation of litigation." Id., Ex. B. In addition, to the extent the requests seek documents regarding the findings and recommendations prepared by experts retained in Turner, defendant County objects on the grounds that such documents are protected by the mediation privilege, the confidentiality agreement signed by the parties to that action, and not subject to public requests for information because they were submitted to the Turner court under seal. Id. Finally, defendant County responds that the "discoverability and relevance of any information pertaining to *Rahshun Turner v. County of San Bernardino* is currently pending before this Court and the Responding Party will not produce any records pertaining to that action without an order from the Court." Id.

While Plaintiffs argue the Turner consent decree is relevant to notice, they fail to explain how the consent decree adopted by the Turner court *after* the events causing plaintiff Belden's injury would have put defendant County on notice. Additionally, Plaintiffs' reliance on the Court's order denying Defendants' Motion to Strike is misplaced. In ruling on the Motion to Strike, the Court relied on the allegations in the Complaint, which appear to conflate the Medical Remedial Plan attached to the Turner parties' Rule 26 Report filed on June 7, 2016, with the consent decree that was not issued until December 14, 2018. Moreover, the Court merely found the references to the consent decree "contribute[d] to a full understanding of the complaint as a whole" and leaving those references in was not prejudicial, particularly to the individual defendants who lacked standing to seek such relief in the first place. See dkt. 117.

Accordingly, the Turner consent decree and remedial actions taken after it was filed are not relevant to notice or liability. Hence, Plaintiffs' Motion to Compel further responses to Requests for Production Nos. 21, 23, and 24 is DENIED.

### 3. Request for Production No. 18

Request for Production No. 18 seeks: "all DOCUMENTS (including internal emails) referring to or relating to all findings and recommendations from neutral experts that have evaluated the jails' medical-related deaths or injuries and the jails' medical policies and training program. The scope of this request is from April 2008 through April 2018." Dkt. 170, Ex. A.

Defendant County objects to Request for Production No. 18 on the grounds the request is vague, ambiguous, overbroad and unduly burdensome, and "seeks information that is protected by the attorney-client/attorney work-product privileges, and documents prepared in anticipation of litigation." Id., Ex. B. In addition, to the extent the request seeks documents regarding the findings and recommendations prepared by experts retained in Turner, defendant County objects on the grounds that such documents are protected by the mediation privilege, the confidentiality agreement signed by the parties to that action, and not subject to public requests for information because they

were submitted to the Court under seal. Id. Finally, defendant County responds that it is "not in the custody, control, and/or possession of any such documents or information." Id.

As an initial matter, Plaintiffs fail to explain how defendant County's response that it is "not in the custody, control, and/or possession" of responsive documents is insufficient or incomplete. See id. In their Supplemental Brief, however, Defendants admit Dr. Wilcox's expert report would be responsive to Plaintiffs' Requests for Production, Set Four, but argue it cannot be produced without a court order unsealing the report. Dkt. 178 at 4-5.

The order sealing Dr. Wilcox's report only protects the report from public disclosure and does not mention protection from discovery in separate actions. See Turner, 5:16-cv-355-VAP (DTBx), Dkt. 79. Nevertheless, Dr. Wilcox's report appears to be protected by the federal mediation privilege. Courts in the Ninth Circuit[4] have adopted a federal mediation privilege under Federal Rule of Evidence 501 "applicable to all communications made in conjunction with a formal mediation." Folb v. Motion Picture Indus. Pension & Health Plans, 16 F. Supp. 2d 1164, 1179-80 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000); City of Colton v. Am. Promotional Events, Inc., No. EDCV 09-01864-PSG (SSx), 2014 WL 12740639, at *3 (C.D. Cal. June 24, 2014) (affirming denial of motion to compel documents related to mediation "lest the Court take a step toward calling the collapse of the mediation process"). Courts recognize a mediation privilege serves "important public ends by promoting conciliatory relationships among parties to a dispute, by reducing litigation costs and by decreasing the size of state and federal court dockets, thereby increasing the quality of justice in those cases that do not settle voluntarily." Folb, 16 F. Supp. 2d at 1177. In addition, in assessing the necessity of adopting a mediation privilege, the Folb court considered whether "the likely evidentiary benefit that would result from the denial of the privilege is modest" and concluded it would result "in little evidentiary detriment where the evidence lost would simply never come into being if the privilege did not exist." Id. (citing Jaffee v. Redmond, 518 U.S. 1, 11-12, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996)).

This Court agrees with the Turner court that the type of cooperative conduct that resulted in the candid exchange of information between the parties, including Dr. Wilcox's expert report, "which ultimately inured to the public benefit, should be encouraged." See Turner, 5:16-cv-355-VAP (DTBx), Dkt. 79 at 4. Additionally, Dr. Wilcox's report would likely not have been created if the privilege did not exist. The Court, therefore, declines to disturb the mediation privilege in this case. Accordingly, defendant County's objection on the grounds Dr. Wilcox's report is protected from disclosure by the mediation privilege is SUSTAINED. Hence, Plaintiffs' Motion to Compel further response to Request for Production No. 18 is DENIED.

### 4. Requests for Production Nos. 19 and 20

Request for Production No. 19 seeks: "all DOCUMENTS (including internal emails) referring to or relating to YOUR response to the findings and recommendations from neutral experts that have evaluated the jails' medical-related deaths or injuries, [and] the jails' medical

---

[4] "In federal question cases with pendent state law claims, the law of privilege is governed by 'the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" Folb, 16 F. Supp. 2d at 1169.

policies and training program. The scope of this request is from April 2008 through April 2018." Dkt. 170, Ex. A.

Request for Production No. 20 seeks: "all DOCUMENTS (including internal emails) referring to or relating to steps taken to address the findings and recommendations outlined by the neutral experts that evaluated the jails. The scope of this request is from April 2008 through April 2018." Id.

Defendant County objects to Requests for Production Nos. 19 and 20 on the grounds the request is vague, ambiguous, overbroad and unduly burdensome, and "seeks information that is protected by the attorney-client/attorney work-product privileges, and documents prepared in anticipation of litigation." Id., Ex. B. In addition, to the extent the requests seek documents regarding the findings and recommendations prepared by experts retained in Turner, defendant County objects on the grounds that such documents are protected by the mediation privilege, the confidentiality agreement signed by the parties to that action, and not subject to public requests for information because they were submitted to the Court under seal. Id. Finally, defendant County responds it is "not in the custody, control, and/or possession of any such documents or information." Id.

Once again, Plaintiffs fail to explain how defendant County's response that it is "not in the custody, control, and/or possession" of responsive documents is insufficient or incomplete. See id. In their Supplemental Brief, however, Defendants appear to admit the MOU and medical remedial plan may be responsive to these requests. Dkt. 178 at 4-5. The MOU was attached as Ex. A to the Declaration of Martin H. Dodd and was filed in this action at Dkt. 197. Dodd Decl., ¶ 6, Ex. A. The medical remedial plan was publicly filed as part of the parties' Rule 26 report filed in Turner on June 7, 2016. Turner, 5:16-cv-355-VAP (DTBx), Dkt. 17. In addition, counsel for defendant County has provided a declaration stating he is "not aware of any documents, other than attorney-client privileged communications, attorney work product, Dr. Wilcox's expert report filed under seal, and drafts of documents prepared by the parties in connection with their mediated settlement negotiations pursuant to the MOU, that specifically reflect or discuss the items set forth in the medical remedial plan." Dodd Decl., ¶ 17. Accordingly, to the extent Defendants do have responsive documents, any such documents are either privileged or have been produced and are available to Plaintiffs. Hence, Plaintiffs' Motion to Compel further responses to Requests for Production Nos. 19 and 20 is DENIED.

### 5. Request for Production No. 22

Request for Production No. 22 seeks: "all DOCUMENTS (including internal emails) referring to or relating to COMMUNICATIONS between county jail officials regarding allegations of inadequate in-custody medical care and policies and training. The scope of this request is from April 2008 through April 2018." Dkt. 170, Ex. A.

Defendant County objects to Request for Production No. 22 on the grounds the request is vague, ambiguous, overbroad and unduly burdensome, and "seeks information that is protected by the attorney-client/attorney work-product privileges, and documents prepared in anticipation of litigation." Id., Ex. B. Defendant County responds that "[d]ue to the grossly overbroad and uncertain/vague nature of this request Responding Party is unable to respond to the Request as phrased." Id.

Here, Plaintiffs conclusorily argue defendant County's "boilerplate vagueness objections are . . . meritless" because the terms are "not vague in the context of the Turner consent decree" and "Plaintiffs offered to meet and confer regarding the scope of the requests to no avail." Id. at 9. Plaintiffs, however, fail to explain how the ten-year scope is reasonable, or how defendant County could reasonably search for communications regarding "inadequate" medical care. Accordingly, defendant County's vague and overbroad objections are SUSTAINED. Hence, Plaintiffs' Motion to Compel further response to Request for Production No. 22 is DENIED.[5]

## III.
## ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiffs' Motion is DENIED.

---

[5] Plaintiffs also appear to argue defendant County should be required to provide a privilege log for documents responsive to Requests for Production Nos. 18-24. However, in light of the overbreadth of the requests and lack of specificity of the requests and Plaintiffs' arguments in the Joint Stipulation, Plaintiffs' request is DENIED.